```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
                                                                   :
TROY D. BERTRAND, individually and on behalf of all                :
other similarly situated employees,                                :
                                                                   :       22-cv-10445 (LJL)
                            Plaintiff,                             :
                                                                   :       MEMORANDUM AND
              -v-                                                  :            ORDER
                                                                   :
DEPARTMENT OF EDUCATION, ARCHDIOCESE                               :
  OF NEW YORK, et al.,                                             :
                                                                   :
                            Defendants.                            :
                                                                   :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2023

LEWIS J. LIMAN, United States District Judge:

      Defendants Department of Education, Archdiocese of New York; Catholic Charities of the Archdiocese of New York; and Catholic Charities Community Services, Archdiocese of New York (collectively "Non-OLA Defendants"), along with Our Lady of Angels Church ("OLA" and with Non-OLA Defendants, "Defendants"), move for a stay of discovery of this case filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL").  Dkt. No. 29.

      The first amended complaint, filed on January 18, 2023, alleges the following:  OLA is commonly referred to as a "parish" within the Roman Catholic Archdiocese of New York.  Dkt. No. 6 ¶¶ 37–38.  At all relevant times, OLA met the definition of an employer within the meaning of FLSA and NYLL, was engaged in commerce within the meaning of FLSA, and had annual gross volume of sales or income of not less than $500,000, exclusive of separate retail excise taxes, within the meaning of FLSA.  *Id.* ¶¶ 40, 42–43.  Plaintiff Troy Bertrand ("Plaintiff") was employed by OLA as a maintenance worker, custodian, and porter for over

seventeen years, from February 10, 2005 to September 16, 2022.[1]  *Id.* ¶ 44.  He alleges, among other things, that he consistently worked in excess of forty hours per week throughout his employment.  *Id.* ¶¶ 54, 58.  However, Defendants failed to pay him straight-time or overtime compensation for all hours worked in excess of forty per week.  *Id.* ¶ 59.  Defendants also failed to timely compensate Plaintiff each week and failed to provide him notice of his overtime rates of pay and the regular pay day designated by Defendants.  *Id.* ¶¶ 69–70.  Defendants also failed to provide him with any time sheets or other documents accurately showing the number of hours worked, rate of pay, and compensation due.  *Id.* ¶ 71.

On December 9, 2022, Plaintiff filed a complaint against Defendants, Dkt. No. 1, and on January 18, 2023, Plaintiff filed the first amended complaint, Dkt. No. 6.  In his first amended complaint, Plaintiff asserts eight claims for relief: (1) failure to pay for overtime in violation of the FLSA, 29 U.S.C. § 207(a)(1), *id.* ¶¶ 94–101; failure to pay overtime wages in violation of the NYLL, *id.* ¶¶ 102–109; (3) failure to pay minimum wages in violation of the FLSA, *id.* ¶¶ 110–117; (4) failure to pay minimum wages in violation of the NYLL, *id.* ¶¶ 118–26; (5) failure to pay manual worker wages weekly in violation of the NYLL, *id.* ¶¶ 127–133; (6) failure to provide timely payments in violation of the NYLL, *id.* ¶¶ 134–141; (7) failure to provide accurate wage statements in violation of the NYLL, *id.* ¶¶ 142–148; and (8) failure to provide notice at time of hiring in violation of the NYLL, *id.* ¶¶ 149–155.  On March 24, 2023, the Court held an initial pretrial conference and on March 28, 2023, the Court entered a Case Management Plan and Scheduling Order, Dkt. No. 30.  The Case Management Plan provides for all fact discovery to be completed no later than July 22, 2023 and expert discovery to be completed by

---

[1] Although Plaintiff alleges he was employed by Defendants, Dkt. No. 6 ¶ 44, he does not dispute that he was directly employed by OLA, *see* Dkt. No. 31.

September 5, 2023.[2]  *Id.*  This motion for a stay was filed on March 23, 2023, Dkt. No. 29, and, on March 30, 2023, Plaintiff filed a letter in opposition to the motion for a stay, Dkt. No. 31. Defendants filed a letter in further support of the motion for a stay on April 3, 2023.  Dkt. No. 34.  Defendants plan to file a motion to dismiss the first amended complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), which this Court previously ordered shall be submitted by April 21, 2023.

The parties agree on the relevant standards.  "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act."  *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  Upon a showing of "good cause," the court may grant a motion to stay discovery pending decision on a motion to dismiss.  *See* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.").  "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'"  *Hong Leong*, 297 F.R.D. at 72 (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

Defendants argue that the case should be stayed based upon the strength of Defendants' forthcoming motion to dismiss.  That motion will argue that there are no well-pleaded allegations against the Non-OLA Defendants.  Dkt. No. 29 at 2.  It also will argue that Plaintiff was ineligible for overtime under the NYLL because Defendants are non-profitmaking institutions

---

[2] The Court extended the deadlines for discovery to permit it to consider this motion for a stay.

3

except from the NYLL's overtime provisions under NYLL § 652(3)(b), that the first amended complaint fails to allege a claim for minimum wage violations because it alleges that Plaintiff was paid above the minimum wage, that NYLL permits non-profitmaking institutions to compensate their employees on a semi-monthly basis, and that Plaintiff lacks standing for the alleged wage statement and notice violations. *Id.*

Plaintiff disputes Defendants' claim that they are exempt from NYLL's overtime requirements. Dkt. No. 31 at 1. Plaintiff argues that NYLL § 652(3)(b) addresses only minimum wages and only exempts non-profitmaking institutions from "[t]he provisions of any wage order issued under this article," namely wage orders with respect to the minimum wage and not overtime pay. *Id.* at 1–2. Defendants respond that the provision sweeps more broadly to capture overtime compensation because the requirement to pay overtime compensation for hours worked in excess of forty each workweek is solely contained in wage orders issued under Article 19. Dkt. No. 34 at 1.

The Court need not consider each of these arguments. Defendants do not articulate a basis for dismissal of Plaintiff's federal overtime pay claim. Accordingly, it is evident that even if Defendants were to prevail on their motion in its entirety, discovery concerning Plaintiff's compensation would need to go forward in this case.

Defendants also have not satisfied the other elements to obtain a stay of discovery. Defendants argue that discovery would be burdensome because Plaintiff will "be seeking discovery from multiple non-profitmaking religious/charitable institutions that were not Plaintiff's employer and have no relationship to the claims at issue." Dkt. No. 29 at 3. But Plaintiff agrees to seek discovery only from Plaintiff's direct employer, OLA, during the pendency of a motion to dismiss. As Plaintiff points out, "[p]roduction of documents and

information relating to Plaintiff's individual claims, including Plaintiff's personnel file, pay-stubs, payroll records, time records and email correspondence concerning these issues, should be of little to no burden on the direct employer." Dkt. No. 31 at 3.  Defendants offer no basis to believe that even if the Court were to grant OLA's motion to dismiss the state law claims, discovery will be any narrower or that these documents would not be relevant.  A stay of discovery would only postpone the inevitable.  *See Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021).

Finally, while Defendants argue that Plaintiff will not suffer prejudice if a stay is granted because he seeks only monetary relief, Dkt. No. 29 at 3, that alone does not justify a stay of discovery.  To hold otherwise would be contrary to the general presumption that a motion to dismiss does not stay discovery save in a case under the Private Securities Litigation Reform Act.  In any event, Plaintiff was employed by OLA as a maintenance worker, custodian, and porter until September 2022, and allegedly was not paid overtime.  Dkt. No. 1 ¶ 44.  The Court is unwilling to presume that delay will be inconsequential to him simply because he seeks money.

This motion is without prejudice to renewal.  The Court expects to decide the motion to dismiss relatively soon after it is fully submitted.  The Court recognizes that even if the Non-OLA Defendants are not required to respond to discovery requests, they will be required to serve discovery requests and—if they are not dismissed—may need to attend the depositions of the OLA witnesses and of Plaintiff if those depositions go forward before the motion to dismiss is decided.  Accordingly, the Non-OLA Defendants may renew this motion upon a showing that, even though they are not required to respond to discovery, the progress of the case—including depositions—will cause them prejudice.

The motion at Dkt. No. 29 is denied.  The Clerk of Court is respectfully directed to close Dkt. No. 29.

SO ORDERED.

Dated: April 4, 2023
      New York, New York

                                                 LEWIS J. LIMAN
                                     United States District Judge